### WILLIAMS *vs.* GOODALL.

1. Section 2357 of the Code requires "all the papers and evidence" upon which application, to correct grants are based, to "be filed and preserved in the executive office;" therefore, the best evidence in respect to written notice upon parties in interest under section 2353 of the Code, is to be procured by getting a certified copy of the proceedings from said office; and as the presumption is that the governor did his duty, the defendant will not be heard to deny that he had notice of the proceedings to correct a grant by his own oath as a witness, until he has exhausted the better evidence which such certified copy would afford.
2. On the issue whether a deed be a forgery, a certificate from the office of the secretary of state, that no such person as the witness who attested the deed as justice of the peace, was a justice of the peace at

the time the deed was execu'ed, is conclusive that the deed was forged, unless rebutted by other evidence.

Evidence. Deeds. Grants. Officers. Before Judge HARRIS. Wayne Superior Court. March Term, 1877.

This was an ejectment suit in which plaintiff recovered judgment; defendant moved for a new trial, which was refused, and he excepted.

The other facts will be found in the opinion.

JNO. C. NICHOLS; J. W. HITCH, by Z. D. HARRISON, for plaintiff in error.

D. M. ROBERTS; J. F. SWEAT, by brief, for defendant.

JACKSON, Judge.

But two points are made in this case when the grounds for a new trial are analyzed:

First, that the court would not permit the defendant by his own oath as a witness, to testify that he had no notice of the application to the governor to correct the grant on which plaintiff's title rested; and, secondly, that the court charged the jury that a certificate from the office of the secretary of state, that no such person as the witness who signed the deed as a justice of the peace was a justice of the peace when the deed was executed, was, unless rebutted, conclusive evidence that the deed was forged.

1. We think that the court was right on both points. Section 2357 requires "all papers and evidence upon every such application (to correct grants) to be filed and preserved in the executive office." The best evidence that no written notice was served on the defendant could be furnished by a certified copy showing all the papers of file in that office, and among them no such written notice as section 2353 requires. Therefore the defendant's oath was not the best evidence; and the presumption for the plaintiff being that the governor did his duty and had the written notice before

him when he acted, the court was right to reject the oral evidence of the defendant, it being only his own oath.

2. The case of *Denham vs. Holeman*, 30 *Ga.*, 619, covers the second ground all over, and decides that such certificate that no such person as the witness who attested a deed as a justice of the peace, was a justice of the peace at the time the deed was executed, is conclusive of the forgery unless rebutted. No effort was made to rebut—no testimony to that intent offered—hence the charge was right.

The court, as a matter of practice, ought not to read over requests before rejecting them, but it will not be held good ground for new trial where the verdict is right; nor will the addition of verbal remarks to the charge in writing, when requested to be in writing, unless clearly erroneous as contended for by counsel and in dispute between counsel and the court. The judgment is right, the verdict being not contrary to law or evidence.

Judgment affirmed.